UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TERI HARRIS, as Trustee of the Harris Family Trust**

    Plaintiff,

v.                                                               Case No: 5:23-cv-556-GAP-PRL

**VISION SOLAR FL, LLC,**

    **Defendant.**

## ORDER

In response to the Court's order to show cause (Docs. 23 & 24), Plaintiff acknowledges that Vision Solar, LLC, is in bankruptcy proceedings, but contends that Vision Solar FL, LLC, which Plaintiff refers to as a wholly owned subsidiary of Vision Solar, LLC, is not named in the bankruptcy petition and, without reference to any specific authority, suggests that the otherwise automatic bankruptcy stay therefore does not apply to it. Nevertheless, Plaintiff says it is agreeable to a 90-day stay so that Plaintiff can obtain a comfort order from the New Jersey bankruptcy court that states that there is no automatic stay applicable to Vision Solar FL, LLC.

However, based on the Court's review of the filings in this case and with Florida's Division of Corporations, it seems that Vision Solar FL, LLC, is not a subsidiary of Vision Solar, LLC.[1] Vision Solar FL, LLC, was registered in Florida as a Foreign Limited Liability

---

[1] The Division of Corporations' website and Vision Solar FL, LLC's registration, is available through https://search.sunbiz.org/Inquiry/CorporationSearch/ByName and typing in "Vision Solar" at the search bar.

Company. The registration used for Vision Solar FL, LLC, provides that it is a "Foreign Limited Liability Company" with the name "Vision Solar, LLC."[2] Moreover, Vision Solar FL, LLC's cross-reference name is Vision Solar, LLC.[3] Both use the same registration number, list Jonathan Seibert as the Title Manager, and provide the same mailing and principal addresses.[4]

As such, it does appear that the automatic bankruptcy stay is applicable unless or until Plaintiff obtains a "comfort order" indicating otherwise or the bankruptcy proceedings conclude.

Accordingly, it is **ORDERED** that:

1. Pursuant to the provisions of 11 U.S.C. § 362, all proceedings in this case are automatically **STAYED**.

2. The clerk shall administratively close the case and it shall remain closed absent an appropriate motion to reopen by a party. The clerk shall terminate any pending motions and the parties may refile those motions without prejudice when and if the stay is lifted and the case is reopened.

---

[2] https://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2018%5C1017%5C00293143.Tif&documentNumber=M18000009197.

[3] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=VISIONSOLARFL%20M180000091970&aggregateId=forl-m18000009197-f14a75b1-eecc-4388-b046-cdd939d0da47&searchTerm=vision%20solar&listNameOrder=VISIONSOLAR%20M180000091970.

[4] Further, the registered agent for Vision Solar FL, LLC, when resigning her role, listed herself as "Registered Agent for Vision Solar LLC DBA [doing business as] Vision Solar FL, LLC." https://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2024%5C0125%5C00029888.Tif&documentNumber=M18000009197.

**DONE** and **ORDERED** in Ocala, Florida on February 28, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties